**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE LUIS MEDINA ALVARADO,<br><br>    Defendant. | No. C 01-00419 CRB<br><br>**ORDER DENYING RULE 60(b)(6) MOTION** |

On August 3, 2012, Defendant Jose Luis Medina Alvarado filed a motion entitled Motion Pursuant to Federal Rules of Civil Procedures – Rule 60(b)(6) Requesting the Court to Recall the Order/Mandate Issued on June 4, 2003 to Correct an Injustice. See dkt. 348. The Court construes Defendant's Motion as a successive habeas petition.[1] A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must be dismissed unless it satisfies one of two sets of requirements. Under § 2244(b)(2)(A), the district court must dismiss a newly-presented claim in a second or successive petition unless the applicant "shows" that the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Section 2244(b)(2)(B) permits a newly-presented claim where

---

[1] This Court denied Defendant's first § 2255 motion. See dkts. 325, 332. The Ninth Circuit affirmed that denial. See dkt. 343.

(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

Defendant's Motion makes no effort to argue that either of the two sets of requirements has been satisfied.  Moreover, this Court lacks the authority to grant Defendant's request, because Defendant must receive permission to file a subsequent petition from the court of appeals. 28 U.S.C. § 2244(b)(3); see also 28 U.S.C. § 2255(h); United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

Accordingly, Defendant's Motion is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: October 2, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE